# Sprague v. Reilly, Appellant.

*Real estate brokers—Brokers—Principal and agent—Evidence—Statement of claim—Admission of record.*

In an action to recover commissions on sale or exchange of real estate, where the plaintiff describes himself in his statement of claim as "a dealer in real and personal property, and in the regular course of business," made the sale or exchange in question, and it is admitted that plaintiff had not taken out a license as required by law, the statement of claim is admissible as evidence tending to show that the plaintiff is a real estate broker, and when the statement is supported by the evidence

of two witnesses called by the defendant, it is error for the court to give binding instructions for plaintiff.

*Practice, C. P.—Repeated offers of testimony—Trial.*

In considering the propriety of a refusal to permit counsel to make a formal offer of testimony, because a similar offer had already been made and ruled, much must be left to the sound discretion of the judge.

Argued April 11, 1907. Appeal, No. 97, April T., 1907, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1899, No. 485, on verdict for plaintiff in case of T. A. Sprague now to use of C. V. Morozwicz v. P. J. Reilly. Before RICE, P. J., HENDERSON, MORRISON, HEAD and BEAVER, JJ. Reversed.

Assumpsit to recover commissions on sale or exchange of real estate. Before EVANS, J.

At the trial defendant made the following offer:

Defendant offers in evidence the " Statement of Claim " of the plaintiff in this case, for the purpose of showing that in the year 1898, said plaintiff was a real estate broker, by using in his statement the following words, to wit: " The plaintiff is a dealer in real and personal property, and in the regular course of his business undertook to sell and exchange a certain personal and mixed property of the defendant," etc., to be followed by evidence that the records of Allegheny county do not contain any conveyances from or to the said Sprague, the plaintiff, during the year 1898, or for several years before and after that date; also by witnesses who will testify that said plaintiff was a real estate broker in the year 1898.

The Court: Have you any objection, Mr. Langfitt?

Mr. Langfitt: We do not object to his offering the statement except that of course it is improper.

The Court: The language of the statement does not sustain the offer.

Objection sustained and bill sealed for defendant. [2]

Defendant presented this point:

That if the jury find from the evidence in this case that the plaintiff was a real estate broker in the year 1898, then their verdict must be for the defendant. *Answer:* Refused. There is no evidence that he was a real estate broker. [5]

334     SPRAGUE *v.* REILLY, Appellant.

Opinion of Court below—Opinion of the Court. [34 Pa. Superior Ct.

Verdict and judgment for plaintiff for $499.05. Defendant appealed.

*Errors assigned* were (2) ruling on evidence, quoting the bill of exceptions; (5) above instruction, quoting it; and (6) in giving binding instructions for plaintiff.

*Jos. A. Guinyon*, for appellant.—Although one not a real estate broker, by having a special contract can recover a commission for selling real estate, yet for one who is a real estate broker it is absolutely necessary to have paid a license fee as such to enable him to recover a commission, even though he has a special contract: Johnson v. Hulings, 103 Pa. 498.

*John S. McKelvey*, with him *Langfitt & McIntosh*, for appellee.—It is improper to submit to the jury a fact as to which no evidence has been given: Dubois v. Lord, 5 Watts, 49; Elkins v. McKean, 79 Pa. 493; Holland v. Kindregan, 155 Pa. 156.

OPINION BY HEAD, J., October 7, 1907:

The plaintiff brought this action to recover the sum of $338.65, being "a commission of five per cent" on the value of certain real estate which it is alleged the defendant exchanged through the efforts of the plaintiff. Against this claim the defendant sought to interpose the defense that the plaintiff, at the time, was a real estate dealer or broker, and, having neglected to take out the license required by law, could not recover. That such defense, if made out, would have precluded any recovery cannot be gainsaid: Johnson v. Hulings, 103 Pa. 498. The burden of proof was, of course, on the defendant. In attempting to discharge this burden and make proof of the facts necessary to support his defense, the defendant offered in evidence, inter alia, the statement of claim filed by the plaintiff, in which he averred that he was "a dealer in real and personal property and in the regular course of business undertook to sell or exchange" the dairy property of the defendant for certain lots, upon an agreement by the latter to pay a commission of five per cent. This offer was made "for the purpose of showing that the plaintiff was a real estate broker," but was rejected by the court for the reason that

" the language of the statement does not sustain the offer."
Why did it not? There was a clear, explicit admission of
record that plaintiff was a " dealer " in real estate, and had
conducted this transaction, which was the sale or exchange
of the property of a stranger to him, " in the regular course
of his business." Who and what is a dealer? Webster de-
fines a " dealer " as " a trader, a shopkeeper, a broker, or a
merchant." In the Century dictionary a " dealer " is defined
to be " one whose business is to buy and sell, as a merchant or
a broker." Accepting these unquestioned authorities, which
but voice the common understanding of the expression, it
would seem to follow that when one describes himself as " a
dealer in real property," he has practically said that he is " a
broker " or " trader " in real estate, or that he is one " whose
business is to buy and sell " real property " as a merchant or
a broker." That this was the idea intended to be conveyed
appears to be further indicated by the language immediately
following that already referred to, in which the plaintiff de-
clares that the transaction he conducted for the defendant was
not unusual or exceptional, but was " in the regular course of
business." Of what business? Plainly of the plaintiff's busi-
ness as a dealer or broker in real property. But the defendant
did not stop here. Charles Beekman, a witness called by him,
testified that he was in the real estate business, that he had
known the plaintiff fifteen years, that he knew him in 1898
and " knew he was in the real estate business," and that he
knew he had transactions in that year " as a broker." To the
same effect, although not quite so clear and emphatic, was the
testimony of S. A. Dixon, another witness. The rejected offer,
coupled with and followed by the evidence of these witnesses,
in the absence of any contradiction or satisfactory explanation
from the plaintiff, would, in our opinion, have furnished ample
warrant for a finding by the jury that the plaintiff was a real
estate broker, and, it being conceded that he had not taken out
the license required by the law, the defense would have been
complete. We are not to be understood as saying that the
plaintiff is concluded by the admission in his statement, as to
the character of his business, unless such conclusive effect be
given to it by the operation of a rule of court on that subject.
That question is not now before us. It follows from what we

have said that the learned trial court fell into error in rejecting the offer of the plaintiff's statement, and, as a consequence of that ruling, in refusing the defendant's point and giving binding instructions in favor of the plaintiff. The second, fifth and sixth assignments must be sustained.

Had the defendant been permitted to introduce all of his direct evidence tending to prove that the plaintiff was a real estate broker, prima facie, his defense would have been made out. It was not necessary for him, in anticipation of a possible explanation that might never be advanced, to attempt to show that plaintiff owned no real estate with which he could have dealt. Had the plaintiff sought to avoid the apparent effect of the admission in his statement by evidence tending to show that he "dealt" only in his own real estate, then the testimony, the rejection of which is complained of in the first and third assignments, might have been pertinent and timely. We do not think, therefore, that in declining to admit this testimony, as the record then stood, any reversible error was committed.

As the case must go back for another trial we do not think it necessary to advert to the fourth assignment, further than to observe that, in considering the propriety of a refusal to permit counsel to make a formal offer of testimony, because a similar offer has already been made and ruled, much must be left to the sound discretion of the trial judge. It is not only his right, but his duty, to prevent waste of the public time and the incumbrance of the public records by useless repetitions of what has been once fairly done. At the same time it is within our common experience that offers of testimony, even when made by the most reputable and experienced counsel, will sometimes, from the haste incident to a sudden call for such offer, from some misapprehension of the facts or other cause, exhibit a lamentable lack of that precision and accuracy so desirable in a record thus formally made up. To permit the correction of such defects by a second and more complete offer would certainly be no abuse of that wise discretion with which the law clothes the trial judge.

Judgment reversed and a venire facias de novo awarded.