# Twinn v. Noble, Appellant.

*Negligence—Damages—Pleading — Personal examination—Motion for new trial—Discretion of court — Evidence — Burden of proof.*

1. Where a statement in a negligence case avers injuries to plaintiff's arms, legs, head and body, and that he suffered a severe shock to his nervous system, it is competent for plaintiff to submit expert evidence tending to show a broken nose and cerebrospinal meningitis as results of the accident.

2. The burden is on plaintiff, in such case, to show that he was afflicted with cerebro-spinal meningitis, and that it resulted from the accident.

3. The refusal of the trial court to order plaintiff to submit to a further examination, after verdict, for use on defendant's rule for a new trial, is a matter within its discretion and affords no ground for setting aside a judgment in plaintiff's favor.

*Negligence—Automobiles—Crossings—Pedestrians — Vehicles— Proximate cause—Charge—Ridiculing party.*

4. The rights of pedestrians and vehicles at public crossings are equal; but where a pedestrian without negligence on his part has committed himself to the crossing, he has the superior right of way as against a vehicle thereafter approaching.

5. While a chauffeur at a public crossing must have his car under such control as to be able to stop on the shortest possible notice, he is not required to drive so as to stop instantly.

6. If the jury finds that the proximate cause of the accident was the negligence of the driver of another car which caused plaintiff to jump suddenly in defendant's path, the latter will not be liable.

7. A judgment on a verdict for plaintiff will be reversed where the inevitable effect of comment by the trial judge on defendant's testimony was to expose defendant to ridicule, and discredit his testimony.

Argued March 24, 1921, Appeal, No. 400, Jan. T.; 1921, by defendant, from judgment of C. P. No. 2, Phila Co., March T., 1920, No. 2747, on verdict for plaintiff, in case of Fred Twinn v. Benjamin Noble. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $10,000. Defendant appealed.

*Errors assigned* were instructions and rulings recited in the opinion of the Supreme Court, quoting the record.

*Bertram D. Rearick,* with him *Richard A. Smith,* for appellant.—A pedestrian has no superior right of way over vehicles at regular crossing places: Arnold v. McKelvey, 253 Pa. 324; Virgilio v. Walker, 254 Pa. 241; Silberstein v. Showell, Fryer & Co., 267 Pa. 298.

There was error in permitting jury to consider evidence of physical conditions of plaintiff not shown to have been the result of injuries complained of: Albert v. Transit Co., 252 Pa. 527; Moss v. Transit Co., 42 Pa. Superior Ct. 466.

*Augustus Trask Ashton,* with him *Victor Frey,* for appellee.—The statement was sufficient: Schneble v. Schmidt, 21 W. N. C. 153; Furbush v. Buschbaum, 34 W. N. C. 147; Baker v. Hagey, 177 Pa. 128; Rife v. Middletown, 32 Pa. Superior Ct. 68; Leonard v. R. R., 259 Pa. 51; Indian v. R. R., 262 Pa. 117; Sikorski v. Ry., 260 Pa. 243; Cameron v. Traction Co., 216 Pa. 191.

Pedestrians have superior right at crossings: Lewis v. Wood, 247 Pa. 545; Anderson v. Wood, 264 Pa. 98; McClung v. Taximeter Co., 252 Pa. 478.

A judge may give his opinion on the weight and value of the evidence: Leibig v. Steiner, 94 Pa. 466; Bernstein v. Walsh, 32 Pa. Superior Ct. 392.

OPINION BY MR. JUSTICE WALLING, May 16, 1921:

This action is for personal injuries sustained in a crossing accident. Lehigh Avenue, Philadelphia, extends in an easterly and westerly direction, crossing North Broad Street at right angles. On the evening of February 29, 1920, plaintiff while walking westerly across Broad Street at Lehigh Avenue was struck and injured by a northbound automobile owned and driven by defendant. The case turned on questions of fact, as to which the evidence was conflicting. Plaintiff recovered a verdict of $10,000, and, from judgment entered thereon, defendant brought this appeal.

Plaintiff's statement was in general terms, averring, inter alia, that "He was injured, wounded and bruised in and about the arms, legs, head and body. The muscles, ligaments and tissues in and about his back and abdomen were severely wrenched, twisted and distorted. He was otherwise injured, wounded and bruised. He also suffered a severe shock to his nervous system." As defendant made no objection to the statement or effort to secure one more specific, it was properly held competent for plaintiff to submit expert evidence tending to show a broken nose and cerebro-spinal meningitis as results of the accident.

The refusal of the trial court to order plaintiff to submit to a further examination, after verdict, for use on defendant's rule for a new trial, was a matter within its discretion and affords no ground for setting aside the judgment: see Cohen v. Phila. R. T. Co., 250 Pa. 15.

The burden was upon plaintiff to show he was afflicted with cerebro-spinal meningitis and that it resulted from the accident; but considering, as we must, all the testimony of Dr. Chandler, on direct and cross-examination, it was properly held sufficient to take that feature of the case to the jury.

The trial judge charged, inter alia, that "A pedestrian has a superior right of way over vehicles at regular crossing places, because such places are set apart for

the crossing of citizens from one side to the other of our highways." That sentence standing alone would be error, for the rights of pedestrians and vehicles at public crossings are equal; each must exercise care according to the circumstances. True, more care is required of pedestrians between crossings and of automobiles at crossings; yet each must observe ordinary care at all times: Arnold v. McKelvey, 253 Pa. 324. Where, however, a pedestrian without negligence on his part has committed himself to the crossing, he has the superior right of way as against a vehicle thereafter approaching; and to this effect was the explanation the trial judge gave the jury as to his meaning by the term "superior right of way"; hence, in our opinion, they were not misled thereby.

The portion of the charge embraced in the third assignment of error, is, inter alia, to the effect that because defendant saw plaintiff upon the street he was bound to have his car under such perfect control as to be able to stop instantly and avert the accident, although plaintiff, to avoid another car, jumped suddenly and unexpectedly in defendant's path. This imposed upon the latter too high a degree of care; for while a chauffeur at public crossings must have his car under such control as to be able to stop on the shortest possible notice (Anderson v. Wood, 264 Pa. 98; Virgilio v. Walker, 254 Pa. 241), he is not required to drive so he can stop instantly. Moreover, should the jury find that the proximate cause of the accident was the negligence of the driver of another car, which caused plaintiff to jump suddenly in defendant's path, the latter would not be liable.

The car ran a considerable distance after the accident, which might indicate excessive speed or lack of proper control. In explanation of this defendant testified: "Q. How did it happen, Mr. Noble, that you ran so far after hitting Twinn? A. It was the first time I ever hit a man and I got nervous, and I stopped as quick as I could. I put on my emergency brake"; and in cross-

examination, added that he stopped in front of a pole on the other side of Lehigh Avenue. Commenting thereon in the charge the trial judge said, "His [defendant's] explanation for not having stopped promptly, although he was going, according to his story, at the rate of ten miles an hour when he struck the plaintiff, is that he was inexperienced in hitting men, this being his first occurrence of the kind, so that he became excited and lost his head, although he seems to have had sufficient control of his senses to put on the emergency brake, but notwithstanding that he was going at the rate of only ten miles an hour and his emergency brake was on, the automobile would not stop until it had run to those poles, wherever they may have been." This constitutes the fourth assignment of error and is sustained. The inevitable effect of that comment, coming from the bench, was to expose the defendant to ridicule and to discredit his testimony. He had not said he was inexperienced in hitting men, nor that he had lost his head; those expressions should have been omitted from the charge. In fact, the entire comment was uncalled for and the error was magnified by the court's remark, when exception was taken thereto, viz: "What I said in that connection was exactly what the defendant himself said."

The third and fourth assignments of error are sustained and thereupon the judgment is reversed and a venire facias de novo awarded.