## Koenig *v.* Quaker City Cab Company, Appellant.

*Negligence—General averment—Rule for more specific averment—Evidence.*

In an action of trespass to recover damages for personal injuries, the plaintiff averred in his statement of claim that his left side was hurt, cut, wounded, bruised and contused, both externally and internally. In such a case the admission of evidence that two ribs on plaintiff's left side had been fractured, was proper under the pleadings, and did not constitute a variance.

Where the defendant neither moves to strike off the statement as insufficient, nor takes a rule for a more specific statement, he is not in position to object to the admission of evidence covered by the general character of the averments.

Argued October 16, 1925. Appeal No. 159, October T., 1925, by defendant from judgment of the Municipal

Court of Philadelphia, August T., 1924, No. 978, on verdict for the plaintiff in the case of Frederick Koenig vs. Quaker City Cab Company. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before KNOWLES, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,778. Subsequently plaintiff filed a remittitur for all sums in excess of $2,500.00, and judgment was entered accordingly. Defendant appealed.

*Errors assigned* were various rulings on evidence, and refusal to grant a new trial.

*Ward C. Henry* and with him, *C. William Freed,* for appellant.

*Alfred E. Reynolds,* for appellee.

OPINION BY PORTER, J., February 26, 1926:

This is an action to recover for personal injuries, alleged to have been sustained by the plaintiff when the motor car in which he was riding came into collision with a cab of the defendant company. The plaintiff recovered a judgment in the court below and the defendant appeals. The only question raised by the assignments of error is whether the averment by plaintiff in his statement of claim of the injuries which he sustained in the accident was sufficient to warrant the admission of evidence, at the trial, that two ribs on his left side had been fractured.

The plaintiff averred in his statement that, as a

result of the accident, "he was hurt, cut, wounded, bruised and contused about his head, arms, neck, hands, left side, left knee, left foot, left ankle and was otherwise wounded and injured in divers other parts of his body, both externally and internally." There was here a general averment that the left side of plaintiff was hurt, cut, wounded, bruised and contused, both externally and internally. This was quite broad enough to cover any injury to the tissues or bones constituting the outer wall of the left side of the body. It involved no attempt to specify, in detail, the character of the injuries to the left side. Had the defendant .desired more definite information as to the character of the injuries to the left side, it might have obtained such informaton by appropriate action. It is not necessary to inquire whether the defendant ought to have asked for a bill of particulars or to have obtained a rule for a more specific statement, under the Practice Act of May 14, 1915, P. L. 483, for the effect in either case is the same. "A bill of particulars" or "a more specific statement" would seem to be convertible terms. This defendant neither moved to strike off the statement as insufficient nor to take a rule for a more specific statement; having failed to do either he was not in position to object to the admission of evidence covered by the general character of the averments of the statement. The averment of injuries to the left side in the statement of claim is quite broad enough to cover those asserted at the trial, and the admission of evidence that two ribs on that side had been fractured did not involve a variance; Cohen v. Phila. R. T. Co., 250 Pa. 15; Twinn v. Noble, 270 Pa. 500; King v. Brillhart, 271 Pa. 301. The assignments of error are overruled.

The judgment is affirmed.