Scott et ux. *v.* Lindgren, Appellant.

484

Argued October 17, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*G. A. Troutman,* and with him *J. W. Williams* and *C. S. Wesley,* for appellant.

*Harry E. Apeler,* for appellees.

OPINION BY LINN, J., December 12, 1929:

This action for damages resulting from a motor-car collision was tried by a judge without a jury. He found for Henry J. Scott in $1,556.46, reimbursement for sums expended as a result of injury to his wife and in repairing his car, and for Mrs. Scott $500 for personal injuries. Defendant appeals from the judgments entered accordingly. The statement of questions involved specifies but three points for review,—two relating to damage, the third to evidence concerning the extent of Mrs. Scott's injury.

The statement of claim specified many items of "work, material and repairs" furnished and made at an aggregate cost of $712.46, and another lot at an aggregate cost of $675, rendered necessary by the collision. The car was a Locomobile. Plaintiff called a witness who testified that he had been "with the Locomobile Company twenty years as general service manager;" was familiar with the car and that it was repaired under his supervision. He stated in detail what was done to it and what material was supplied and that the charges for time, labor and material were the "fair, reasonable and ordinary charges" for such service; he did not have with him in court the time and material sheets made as the work was done, but stated that it was the practice in his establishment to destroy such records at the end of a year. He was cross-examined about many of the items and gave estimates of the probable cost of each. Another witness who made or supervised some of the repairs gave similar testimony as to the items aggregating $675 and was similarly cross-examined. Plaintiff paid these

bills. After it had been received without objection and exception defendant moved to strike out the evidence of both repair men "because it was not sufficiently itemized" and the court overruled the motion. In defense, defendant offered evidence on the same subject. She called a witness who examined the car shortly after the collision for the purpose of ascertaining its condition and determining what repairs were required by the collision; he produced a list of the repairs he considered necessary and estimated their cost to be $160. He stated that some of the repairs made were not required by the collision. The court properly refused to strike out the evidence; it followed the detailed averment of the repairs, material and labor contained in the statement of claim which defendant had ample notice to prepare to meet, and was sufficient to be considered by the judge in dealing with that element of the case; if, on considering it, he found any part of it insufficient, he could and necessarily would disregard it; to the extent that it convinced him, he could accept it, if he considered it reasonable, just as a jury might have done; perhaps less precision is required in the specification of details of such proof when a case is tried by a judge than when tried by a jury (Smith v. Blafkin, 95 Pa. Superior Ct. 520, 528) though here it was sufficient for either method of trial. There is no doubt that after defendant called the repair man who examined the car for the purpose already stated, and gave his analysis of the subject, the judge was adequately informed by the record to find the fact in dispute.

Appellant makes another complaint on this subject; she contends that the evidence should have been stricken out or disregarded on the ground that the reasonable cost of repair exceeded the value of the car before it was damaged. But our difficulty with this point is that there is nothing in the record that would

enable us to adopt that conclusion. The difference between the views of plaintiff's and defendant's repair witnesses has been stated; certainly defendant's repairman gave no testimony that he thought the car was worth less than the cost of repair. Another witness who had never seen the car said he was "familiar with this type" and that there was "a recognized standard of value of such car on the market that is generally accepted by the trade." He was then asked whether he could "tell . . . . . . what was the fair market value on a 48-8 touring limousine Locomobile as of February 1, 1928" (the date of the collision) and to this question the court sustained an objection. He was then asked to state the "value of a 1924 model 48-8 touring limousine as given by the Red Book Authorities as of February 1, 1928" and objection was again sustained. The record gives no information concerning "Red Book Authorities." There is nothing to indicate that plaintiff's car was of the market value so suggested, if the value had been stated; nor did defendant make any offer to prove what was the market value before collision. In the brief, counsel for defendant states that he was prepared to prove that the market value was only $500, but this is not a case in which we can accept that as a fact; such matters should appear in the record; no ruling of the judge prevented defendant from making an offer to prove that the market value before damage was $500. It is not always sufficient to show that a party was harmed by showing that objection to his question was sustained; frequently it is essential to put in the record an offer of proof of the relevant facts that it is desired to prove by testimony then available; this is important not only to show a reviewing court that the excluded evidence would be relevant but also that the refusal to receive it was harmful; such offer also enables the trial court to consider its admissibility; see

Sprague v. Reilly, 34 Pa. Superior Ct. 332; Kittanning Bros. v. Gas Co., 35 Pa. Superior Ct. 167; Hentzler v. Weniger, 32 Pa. Superior Ct. 164, 166; Krumrine v. Grenoble, 165 Pa. 98, 107. This case illustrates the injustice that would result if for that reason we now acceded to appellant's request and ordered a retrial, for we have no doubt, notwithstanding the general statement of the judge quoted in 7th assignment, that if an offer for competent evidence that the car had a market value of only $500 before the collision had been made, it would not have been rejected, for to have excluded it would have been clearly wrong. But, as we have said, the record contains no foundation for the complaint.

The averment in the statement is that the other plaintiff sustained serious injuries to her right hand and "a severe shock to her nervous system. She suffered great pain and still continues to suffer great pain ......" During the examination in chief in response to a question she stated that as a result of the accident "a very bad attack of asthma came on shortly after this that made me very nervous ......" No objection was made to the question or answer. Her physician testified that she had a severe attack of asthma resulting from the nervous shock caused by the accident. After the evidence was given, defendant objected "that is not claimed in their pleadings ......" The record shows that plaintiff had been subject to attacks of asthma prior to the injury. The statement averred "severe shock to her nervous system;" that averment gave sufficient notice that proof would be offered of the severity and character of the shock as manifested by its effect on plaintiff's health directly traceable to the injured nervous system; and the record supports a finding that this attack of asthma was the "result of the shock" as the physician testified. If defendant had any doubt about the scope or meaning

of the averment, she might have applied for a rule for a more specific statement in the particulars as to which she was in doubt: King v. Brillhart, 271 Pa. 301, 305; Koenig v. Cab Co., 87 Pa. Superior Ct. 403, 405.

Judgments affirmed.