From C. P. Addams, Harrisburg, Pa.

## Henneous v. Henneous

*Reed, Wait & Spofford,* for plaintiff; *Marsh & Eaton,* for defendants.

HIRT, J., April 24, 1931.—This case is before the court on defendant's rule for a more specific statement.

Plaintiff's statement avers the negligence of the defendant and specific injuries, and, in addition, the following in the fourth paragraph:

"By reason of the negligence of the said defendant, said plaintiff was violently and forcibly thrown and tumbled about in the said automobile, inflicting upon her severe and permanent injuries as follows, to wit: Severe bruises, contusions, lacerations, cuts and abrasions to her head, neck, back, abdomen, arms, legs, hands and feet and entire body, and inflicting severe shock upon her whole nervous system."

Defendant asks that these injuries be more particularly specified, and to this we believe defendant is entitled. The danger to a defendant in going to trial on general averments is well illustrated by Twinn v. Noble, 270 Pa. 500. Moreover, plaintiff alleges permanent injuries without indicating the nature of the injuries which will be permanent. Defendant is entitled to a more specific statement in this respect.

In the sixth paragraph plaintiff alleges the expenditure of $2700 for doctors' bills, nurses' bills, medicines, braces, appliances and other expenses. Defendant is entitled to know the amounts alleged to have been expended for each of the items which have been reduced to a certainty: Collins v. Heibel, 2 Erie Co. L. J. 149; Grumley v. Pellegrino, 4 D. & C. 205.

And now, to wit, April 24, 1931, defendant's rule entered February 18, 1931, for a more specific statement is made absolute except as to the ninth exception.