## Lynch et al. *v.* Bornot, Inc.

Argued October 11, 1935.

Before KELLER, P. J., BALDRIGE, STADT-FELD, PARKER, JAMES and RHODES, JJ.

*Algernon R. Clapp,* of *White, Maris & Clapp,* for appellant.

*James F. Masterson,* for appellee.

OPINION BY STADTFELD, J., December 18, 1935:

This was an action of trespass to recover damages for personal injuries alleged to have been sustained by the minor plaintiff when struck by defendant's automobile at the junction of Crittenden and Haines Streets, Philadelphia, on July 11, 1932. No affidavit of defense was filed.

In the statement of claim, the injuries claimed on behalf of the minor plaintiff were that he "sustained lacerations, cuts, contusions and bruises about the head, face, body, arms and legs; he has bruises of both shoulders, abrasions and contusions of upper lip and contusions of right foot. He has been and will likely in the future be injured in his nerves and in his nervous system. He has suffered and will likely in the future suffer great pain of mind and body."

The case was tried on May 4, 1934 before GABLE, J., and a jury.

Dr. Dyer, an interne who examined the minor plaintiff at the Germantown Hospital four days after the accident, testified to the injuries consisting of contusions and abrasions of the right foot, the left shoulder and bruises of the upper lip; the injury to the foot was diagnosed as a bone bruise and required treatment for approximately six weeks.

He further testified that two weeks after the accident, the minor plaintiff complained of abdominal pain and diarrhea, which he was said to have had from the day of the accident, and that a rectal examination then showed a certain amount of blood, whereupon the minor plaintiff was referred to the children's clinic and there treated for this intestinal disturbance; that the condition in question was called "colitis", and that because it was said to date from the accident, he thought it had reference to the accident, but he later said that it did not usually result from an accident, and that, while it could follow a nervous disorder, he

did not examine the minor plaintiff for any nervous disorder.

The mother of the minor plaintiff was allowed, under objection, to testify that the minor plaintiff began to bleed at the bowel on the evening of the accident; that she first took him to a children's clinic for treatment for this ailment about two weeks after the accident, and that these treatments, consisting entirely of internal medication, continued for almost seven months.

On the question of damages, the court instructed the jury as follows: "Of course, there is no question of any loss of time or earning capacity in this case. We have no evidence here of any money having been expended for the cure of this child in the injuries that unquestionably he suffered from. There is no evidence given by any witness as to any likelihood of costs for medical treatment in the future. So that the only thing that you have here to consider is the matter of an allowance for the pain and suffering of the child following the injuries which he received, or, if you think that he is likely to continue to suffer in the future, you would consider that item. As I recall the medical testimony on both sides, however, the child has been cured with the possible exception of a continuing injury to the bone of the right foot. That has been picked over pretty well on both sides. It is for you to determine from the evidence that you have heard whether there is a continuing condition there. You will come to your conclusion."

The jury found a verdict in favor of the parents for $100 and in favor of the minor plaintiff in the sum of $300. Defendant's motion for judgment n. o. v. was granted as to the verdict in favor of the parents, and the motions for new trial and for judgment n. o. v. as to the minor plaintiff were refused. The defendant then took this appeal.

The only questions raised upon this appeal relate to the admission of alleged improper evidence as to

plaintiff's injuries, the refusal to strike out such evidence, and the court's refusal to withdraw a juror during the course of the trial.

Defendant's counsel objected during the trial, to the admission of the testimony of the mother with respect to the abdominal disturbance, on the ground that the statement of claim did not aver any injury of that character. He also, at the close of the plaintiffs' case, moved to strike out all the mother's testimony referred to, on the ground that the abdominal pain and bleeding were not connected with the accident by any competent medical testimony, as also on the ground first above stated. The objections were overruled, also the motion to strike out, and the motion to withdraw a juror because of the admission of said testimony. Defendant's counsel also moved to withdraw a juror because plaintiffs' counsel, in his address to the jury, suggested that the minor child suffered the introduction of microorganisms into his intestines, causing the colitis complained of. This motion was also overruled.

As to the admissibility of the testimony in question, we held in Koenig v. Quaker City Cab Co., 87 Pa. Superior Ct. 403, that where the defendant neither moves to strike off the statement as insufficient, nor takes a rule for a more specific statement, he is not in a position to object to the admission of evidence caused by the general character of the averments. See also, Boles v. Federal Electric Co., 89 Pa. Superior Ct. 160; Cohen v. Philadelphia Rapid Transit Co., 250 Pa. 15, 95 A. 315.

An averment in a statement of claim that the plaintiff suffered severe shock to his nervous system is sufficient notice that testimony would be offered of the severity and character of the shock, as manifested by its effect upon plaintiff's health, directly traceable to the injured nervous system: Scott v. Lindgren, 97 Pa. Superior Ct. 483; See also Twinn v. Noble, 270 Pa. 500, 113 A. 686.

We believe that the testimony under the averments of the statement, was perfectly competent, and that the court did not err in overruling the objection thereto. Likewise, we see no error in the refusal to withdraw a juror.

The trial judge, in his charge to the jury, did not refer to or discuss the alleged abdominal injuries, and judging from the moderate verdict rendered, the jury did not consider them either.

After a careful examination of the entire record, we cannot find any substantial error which would warrant a reversal of the judgment.

The assignments of error are overruled and judgment affirmed.