## Murphy et al. v. Yuengling Dairy Products Corp.

*G. Harold Watkins* and *Gerard J. Stack*, for plaintiffs.
*Charles E. Berger*, for defendant.

CURRAN, J., December 19, 1938.—On March 13, 1933, plaintiffs, Thomas Murphy, a minor, by his parents and next friends, Clarence Murphy and Mary Murphy, his wife, in their own right, brought suit in trespass against the Yuengling Dairy Products Corporation. On July 13, 1936, a statement of claim was filed in further prosecution of the aforesaid action. Defendant then presented a petition for a rule for a more specific statement of claim, upon which petition a rule was granted. Subsequent thereto, on April 15, 1937, plaintiffs' amended statement of claim was filed, after which defendant filed a rule for non pros. On June 21, 1937, on motion of counsel for defendant, the latter rule was permitted to be withdrawn.

The amended statement of claim sets forth that defendant is the manufacturer of dairy products in the City of Pottsville, Schuylkill County, Pa.; that it manufactured a certain ice cream product, packed it in containers, and sold it to the public in these same original containers under the name of "Dixie" ice cream; that in the course of its business, the said defendant sold "Dixies" to one Rajkowsky, a dealer in Mahanoy City, Pa.; that on July 18, 1934, the minor plaintiff, being four and one-half years of age, purchased a "Dixie", and as he was eating the ice cream called "Dixie" a foreign substance alleged to have been in the ice cream lodged in his esophagus, causing choking and suffocation; that as the effect of swallowing the foreign substance contained in the "Dixie", the minor plaintiff suffered lacerations of the upper pole of the left tonsil and various inflammations and internal disorders; that his nervous system was severely shocked so that the plaintiff became nervous and irritated.

On July 27, 1937, upon petition of defendant, a rule for a more specific statement of claim was issued and is now before us.

In support of the rule, defendant assigned the following reasons:

"1. Plaintiffs have failed to state, in paragraph 3 of their statement of claim, what was the foreign substance in the ice cream alleged to have been contained in the 'Dixie' sold to plaintiffs' minor son, Thomas Murphy.

"2. Plaintiffs have failed to state, in paragraph 4 of their statement of claim, what the foreign body or substance was which Dr. P. B. Dunn unsuccessfully tried to extricate from the esophagus of plaintiffs' minor son, Thomas Murphy.

"3. Plaintiffs have failed to set forth, in paragraph 7 of their statement of claim, in what respect or respects defendant was negligent in manufacturing, packing, and distributing its ice cream contained in the 'Dixie' container which was sold to plaintiffs' minor son, Thomas Murphy.

"4. Plaintiffs have failed to set forth, in paragraph 8 of their statement of claim, whether the shock to the nervous system of their minor son, Thomas Murphy, is of a functional nature, or whether it consists of an organic injury to his nervous system."

For the purposes of discussion in disposing of the objections raised by defendant, the first two of the reasons quoted above may be considered together. In these, defendant objects to plaintiffs' statement for the reason that plaintiffs have not shown what the foreign substance, alleged to have been contained in the product of defendant company, actually was, and further that they have failed to state what foreign substance Dr. P. B. Dunn unsuccessfully tried to extricate from the esophagus of the minor son of plaintiffs.

From the pleadings it would seem that it would be impossible for plaintiffs to state with certainty the exact nature of the foreign substance for the reason that it does not appear that any of the substance which was eaten by plaintiffs' minor son was recovered. Rather, the statement of claim specifically showed that an unsuccessful effort was made to recover that portion of the substance which was taken into the body of plaintiffs' minor son. Nor does it appear that that portion of the ice cream product that remained, if any remained, contained anything more of the alleged foreign substance.

Under the circumstances, therefore, it would seem that plaintiffs have, with all particularity at their command, described the alleged foreign substance which is the basis for their claim. Consequently, it would be impossible for them to give a further description of this substance. Of course, upon the trial of the case it will become incumbent upon plaintiffs to show that there was such a foreign substance and that it was contained in the product of defendant company, and was eaten and swallowed in the manner alleged in plaintiffs' statement.

In the third reason, defendant complains that plaintiffs fail to show in what respect or respects defendant was

negligent in manufacturing, packing, and distributing its ice cream. Defendant here is sued as the manufacturer of a food, to wit, ice cream. It is alleged that the ice cream was packed in containers and was sold to the public through retail distributors in the original container.

In this class of cases the courts of Pennsylvania have frequently asserted:

"Those engaging in the business of manufacturing or compounding food or beverages for consumption must use a high degree of care to see that the food or beverage is free from foreign or deleterious substances that injuriously affect the user": Rozumailski v. Philadelphia Coca-Cola Bottling Co., 296 Pa. 114.

And in the above-quoted case, which was an action brought against defendant bottling company by plaintiff for injuries alleged to have been caused by ground or broken glass being found in a bottle of Coca-Cola served to him in a restaurant, we find the following:

"The manufacturer was for all purposes in exclusive control of the bottle and its contents, as its contents were undisturbed until it reached the consumer's hands. It is a case where the accident proves its own negligent cause, and the jury would be permitted to infer negligence, as the court below instructed it, from the fact that ground glass had been found in the bottom of the bottle. The particular dereliction is not shown, nor was it necessary; the negligent act is demonstrated by showing glass in the bottom of the bottle".

If it is not necessary to show the particular dereliction on the trial of the action, of course it is not necessary to set forth the particular dereliction of the defendant in the statement of claim.

The final reason for a more specific statement is that plaintiffs' statement, paragraph 8, fails to show whether the shock to the nervous system of their minor son, Thomas Murphy, is of a functional nature, or whether it consists of an organic injury to his nervous system.

Paragraph 8 of plaintiffs' statement is as follows:

"8. That as a result of swallowing this foreign body or substance contained in the ice cream as aforesaid, the minor plaintiff suffered lacerations of the upper pole of the left tonsil, inflammation of the bile duct, inflammation of the gall bladder, as well as other internal disorders affecting his liver and stomach, resulting in secondary anemia and causing loss of appetite, vomiting and constipation. His nervous system was severely shocked, so that the minor plaintiff became extremely nervous and irritated and he suffered great pain and agony."

"The statement of claim in an action of trespass for damages for personal injuries must specify the particular injury or injuries for which compensation is sought. . . . It must state specifically the character of the wounds, injuries, sickness, and disorder caused the plaintiff by reason of the defendant's act or omission, unless there are injuries which are not capable of definite ascertainment at the time the suit is brought or at the time the statement is filed": 3 Standard Pennsylvania Practice 462, §208.

Defendant complains that the statement fails to show whether the alleged shock to the nervous system caused an injury of a functional nature or of an organic nature. This objection of defendant seems to be well taken. The allegation in plaintiffs' statement with respect to the injury to the nervous system of the minor plaintiff is general, and defendant is within his right under the law in asking that this allegation set forth in plaintiff's statement be made more specific.

In the case of Scott et ux. v. Lindgren, 97 Pa. Superior Ct. 483, under an averment in the statement of claim that plaintiff suffered severe shock to her nervous system, plaintiff was permitted to show that as a result of the injury traceable to the injured nervous system she suffered an attack of asthma, the court there pointing out (p. 488):

"If defendant had any doubt about the scope or meaning of the averment, she might have applied for a rule for a more specific statement in the particulars as to which she was in doubt."

See also King et al. v. Brillhart, 271 Pa. 301, and Koenig v. Quaker City Cab Co., 87 Pa. Superior Ct. 403, 405.

We are therefore of the opinion that defendant is entitled to a more specific statement of claim with respect to the above allegation.

And now, to wit, December 19, 1938, defendant's rule for a more specific statement of claim is made absolute and plaintiffs are given 15 days within which to amend the statement of claim.