## Williamson et ux. v. Carey, Baxter & Kennedy et al.

*A. D. Knittle* and *J. T. Bohorad*, for plaintiffs.
*Hicks & Watkins*, for defendants.

HOUCK, P. J., October 30, 1939.—In the amended statement of claim, which is attacked by the present rule for a more specific statement, plaintiffs allege that they sustained damages on or about March 21, 1937, November 26, 1937, and December 12, 1937, through the alleged negligence of defendant in the use of dynamite and other high explosives in certain stripping operations conducted by it near plaintiffs' house. Damages are claimed for injury to the house and for personal injuries to the wife plaintiff.

The objections to the amended statement fall into three classes.

1. Having alleged the commission of negligent acts on the three dates specified, plaintiffs proceed to itemize the various injuries to the house and attach to the pleading an itemized statement of the cost of required repairs. Defendant contends that it is entitled to a statement as to the injury done to the house on each date. Plaintiffs are required to particularize the damages if it is possible to do so: Herring v. East Penn Electric Co. et al., 28 D. & C. 459. Plaintiffs should be able to state with reasonable certainty what injury resulted from each explosion. If this be done, we see no objection to stating in summary form what the cost will be to repair all the resulting damage. The acts of negligence relied on are unrelated and action would lie for each one separately. Consequently, the damage should be individuated. It may be important in this case inasmuch as an affidavit of defense filed by the additional defendant avers that it repaired plaintiffs' house following an explosion on March 29, 1937, which date is subsequent to March 21, 1937, the first date laid in the statement of claim.

2. The second group of objections complains that the injuries alleged to have been suffered by the wife plaintiff are not sufficiently itemized. There can be no question that defendant is entitled to a particular statement of the injuries. Otherwise defendant runs the risk of finding itself unable to object to the admission of evidence

rendered competent by the general character of the averments. The only protection against such contingency is a motion to strike off the statement or a rule for a more specific statement: Koenig v. Quaker City Cab Co., 87 Pa. Superior Ct. 403; Scott et ux. v. Lindgren, 97 Pa. Superior Ct. 483; Lynch et al. v. Bornot, Inc., 120 Pa. Superior Ct. 242. The present statement is bad for generality in subparagraphs 1 and 2 of paragraph 9. Under these allegations, practically any injury could be proved. If these subparagraphs are omitted from the statement, and they add nothing to it, the actual injuries sustained by the wife plaintiff will be stated with sufficient particularity, with the exception of subparagraph 8 which alleges that she suffered a severe shock to her nervous system which is organic in nature. Defendant is entitled to a more specific statement respecting the character of the nervous shock.

3. The last group of exceptions complains of lack of particularity in the allegations respecting the claim for future damages. Claim is made for future expenses, for medicines, nurses and physicians, as well as for future household services. Defendant contends that plaintiffs are required to allege the character of the future treatment, the injuries for which it will be required, the estimated cost of such treatment, the length of time it will require, the length of time plaintiff will be required to employ help to do the household work and the estimated cost of such services. This contention is based on Beck v. Baltimore & Ohio R. R. Co., 233 Pa. 344, 349, and Rice v. Hill et al., 315 Pa. 166, 173. These cases hold that to recover damages for future expenses plaintiffs must furnish legally adequate proof that treatment will be required and of its cost. This does not mean that plaintiffs must particularize in their statement the precise character of the treatment nor an estimate of its cost. Damages must be specified and itemized when they have been reduced to certainty; otherwise not. Damages to be sustained in the future are not capable of itemization.

On this branch of the case we think the amended statement of claim sufficiently specific.

The rule must be made absolute and a more specific statement filed in accordance with what has already been said.

And now, October 30, 1939, the rule for a more specific statement of claim is made absolute and plaintiffs are allowed 15 days from this date in which to file another amended statement of claim.