## Prinzas et al. v. Lewis, etc.

*Julian W. Barnard,* for plaintiffs.
*Fox & McTighe,* for defendant.

DANNEHOWER, J., January 19, 1944.—Plaintiffs filed an action in trespass to recover damages for personal injuries to the minor plaintiff (five years of age) when he fell or was thrown from defendant's taxicab. The injuries alleged to have been sustained are serious and permanent, involving paralysis and loss of the functional use of said minor's left arm and hand.

Counsel for plaintiffs refused a physical examination of his client by defendant's physician in Philadelphia; thereupon, defendant, upon petition, obtained a rule to show cause why said minor plaintiff should not submit to a physical, medical, and neurological examination by petitioner's physician in Philadelphia.

Plaintiffs filed an answer, objecting to said physical examination on the ground that defendant's physician "specialized as a witness in litigation . . . that he became known as a thoroughly unscrupulous man and extremely adept at finding any and all other reasons to explain any condition or disability except the accident . . . that his reputation for unscrupulousness had become so bad that some of the more reputable insurance companies had ceased employing him . . . that counsel for plaintiffs had in good faith arrived at the conclusion that the man designated is a disreputable, unscrupulous, unreliable, and untrustworthy man".

Depositions were taken on behalf of defendant, but none by plaintiffs. After argument on petition, answer, and defendant's depositions, this rule is pending for decision.

Counsel for plaintiffs concedes that the physician named by defendant is a thoroughly skillful, competent, and qualified specialist, a professor, teacher, lecturer, and has written papers for medical publications, as disclosed by the uncontradicted depositions, but objects to a physical examination of the minor plaintiff by defendant's physician on the sole ground that he has heard that said physician is disreputable,

unscrupulous, untrustworthy, and specializes as an expert witness in litigation. This he failed to prove by any depositions or witnesses, and we cannot agree, as plaintiff contends, that such allegations in the answer for the purposes of this case are admitted.

A court may, in its discretion, order plaintiff in a personal injury case to submit to a physical examination by a physician representing defendant: Narzisi v. Meyer Dairy Co., 22 D. & C. 258 (1933). However, a party cannot be compelled to submit to such a physical examination: Cohen v. Philadelphia Rapid Transit Co. 250 Pa. 15; but a court may refuse to permit a case to proceed until he does submit: Heilig v. Harrisburg Rys. Co., 17 D. & C. 509.

As plaintiffs' counsel admits the professional qualifications of the physician designated by defendant to examine an injury of this kind and simply alleges in the answer that said physician is unscrupulous, unreliable, and disreputable, unsupported by any proof, we do not find that he has shown good cause or sufficient reason why the physician selected by defendant to make said physical examination and testify in regard thereto at the trial should not do so. If, as plaintiffs allege, said physician is a professional witness, unscrupulous and disreputable, this can be proved at the trial to affect the weight and credibility of his testimony.

And now, January 19, 1944, for the foregoing reasons, the rule to show cause why the minor plaintiff should not submit to a physical, medical, and neurological examination by the physician designated by defendant in Philadelphia is hereby made absolute; and the minor plaintiff is ordered to submit to said examination at said doctor's office in Philadelphia at a time suitable to plaintiffs' physician, defendant's physician, counsel for both parties, and the mother or guardian of said minor. The expense of said trip shall be paid by defendant.