## Katz Nomination Papers

14

*T. McKeen Chidsey*, Attorney General, and *Raymond C. Miller*, Deputy Attorney General, for Secretary of Commonwealth.

*A. Harry Levitan*, for objectors.

*Philip Stern*, for nominee.

WOODSIDE, J., July 19, 1948.—This case involves objections made to the nomination papers filed with the Secretary of the Commonwealth to have Sadie Katz nominated as the candidate of a political body to be known as the Progressive Party for the office of Representative in Congress from the Sixth Congressional District of Pennsylvania.

The petition was presented to the court within the time fixed by law and duly served on respondent. The petition alleged that "a large number of names and groups of names on the said nomination paper appear to be in the handwriting of the same individual . . ." and somewhat similar allegations concerning addresses, occupations and dates.

What names appearing on the nomination papers petitioners propose to question must be specifically set forth, otherwise the candidate has no knowledge what evidence he must meet at the time of the hearing: Pennsylvania Election Code of June 3, 1937, P. L. 1333, sec. 977, as amended (25 PS §2937) ; In re Petition to Obtain a Referendum on Sunday Motion Pictures, 59 Dauph. 53, 57 (1947).

Petitioners failed to do this, and after two hearings having failed both to specify the names they intended to challenge and to offer competent evidence to challenge any substantial number of names, asked for

further time both to specify the names and to obtain competent evidence to strike them off. Upon our refusal to grant any additional time they abandoned the above-mentioned objections.

In addition to the above objections petitioners set forth in 3(e) of their petition as follows:

"That Sheet No. Nine in the said nomination paper does not state the office for which the said Sadie Katz is a candidate."

The following is taken from the record of the second hearing:

"Mr. Levitan (counsel for petitioners) : I have one point, sir. With the permission of the court, I would respectfully like to draw the court's attention to the following fact: that Sheet No. 9 of the said nomination paper does not state any office for which the candidate is nominated . . .

"If the court please, altogether there are four sheets in which the office for which Sadie Katz is nominated is not mentioned. I object to those sheets on the ground that the law specifically states that the office for which the candidate is a nominee shall be stated, and I move that those four sheets be excluded from the nomination paper. One sheet has 13 signatures, beginning with Raymond A. Kuter. The second of those sheets has 110 signatures, beginning with the name Ethel Walkenstein, 5017 Gransback Street. The third sheet has 110 signatures, and begins with the name David Flaxman, 4807 Gransback Street. And the fourth sheet has 48 signatures, and begins with the name Aaron A. Shapiro, 4738 North Tampa Street.

"The Court (Judge Woodside) : They appear to be Sheets 5, 8, 14 and 21."

Respondent contends first that we can consider only the one sheet specified in the petition and may not consider the other three because they were not referred to either in the petition or the subsequently filed specification of objections, and secondly that it is not neces-

sary for each sheet of a nomination paper to state the name of the office for which a nominee is running.

There is a substantial difference between the failure of petitioners to specify the names to which they intended to object and their failure to specify all the sheets which did not contain the office for which the candidate was running. The first involves evidence, the second is a matter of law. Respondent must be advised what he must meet at the hearing. Without knowing which signatures are being questioned, he cannot know what witnesses he may need. But when the petition sets forth that a sheet does not contain the office for which the candidate is running this is something apparent on the face of the nomination papers and needs no other evidence to establish its truth. There is only the legal question involved. Of course respondent is entitled to know what legal questions he must meet, too, and the failure to specify that this is one of the objections might well be fatal. Here, however, respondent knew from the petition that he had to meet the legal question of whether or not the signatures on a sheet which failed to name the office for which the nominee was running could be counted. The legal question was the same whether there was one or four such sheets. More important, however, is the failure of respondent to object to the consideration of the three sheets not referred to in the petition until he submitted his brief. In fact at the second hearing he not only failed to object to consideration of the three sheets not specified, but joined in the following discussion shown on the record:

"The Court (Judge Rupp) : Is there anything you wish to state?

"Mr. Stern: I believe the Election Code makes a definite distinction between nomination paper and sheets, what each sheet shall contain, and nomination paper also mentioned as to what they shall contain. Take the section regarding sheets, there is nothing

stated there that anything more than the affidavit of the signer need be taken, in addition to the signature.

"The Court (Judge Rupp) : In other words, it is a matter concerned with the legal question?

"Mr. Stern: That is right.

"The Court (Judge Rupp) : You have nothing further to offer than the legal question?

"Mr. Stern: That is right.

"The Court (Judge Rupp) : Then we may state the only thing left in this case is the legal question whether or not these four sheets should be counted?

"Mr. Levitan: That is correct.

"The Court (Judge Rupp) : Is that your understanding?

"Mr. Stern: That is my understanding.

"The Court (Judge Rupp) : So, if they are to be counted, it is a proper nomination paper, so far as what we have left?

"Mr. Levitan: That is right.

"The Court (Judge Rupp) : If it is not to be counted, it is an improper paper?

"Mr. Levitan: That is correct.

"The Court (Judge Rupp) : That would leave us with the legal question of what effect is to be given to these four sheets, and, under the circumstances, briefs should be submitted on the question."

In not objecting to the failure of the petition to set forth specifically that four sheets do not contain the office which the candidate seeks respondent has placed himself in a situation analogous to that where a defendant in an ordinary action at law neither moves to strike off the complaint as insufficient, nor takes a rule for a more specific pleading. In this situation it is well established that such objections are deemed to be waived by such a failure and evidence covered by the general character of the averments of the complaint may be considered: Nark v. Horton Motor Lines, Inc., 331 Pa. 550 (1938) ; Lynch et al. v. Bornot, Inc., 120

Pa. Superior Ct. 242 (1935); Koenig v. Quaker City Cab Co., 87 Pa. Superior Ct. 403 (1926). We see no valid reason why the same rule should not apply in this case and therefore we shall consider the objection to all four sheets.

In the case of Stern Nomination Papers, 65 D. & C. 64, we quoted Judge Hargest's definition of what would be sufficient error to invalidate a nomination petition or paper contained in Fitzpatrick v. Lawrence, Secretary of the Commonwealth, 32 D. & C. 486 (1938). Judge Hargest said such error, "would consist of an omission of some matter of vital importance which might mislead either electors or the officials who have duties to perform with reference to nominating petitions . . ."

In the Stern case we held that sheets, which did not contain the candidate's name, occupation or place of residence were fatally defective because such omissions were of the type which could mislead electors and lend themselves to the perpetration of fraud. For the same reasons, set forth at length there, we feel that sheets not containing the name of the office the candidate seeks are invalid and the signatures on them cannot be counted.

What we said in the Stern case concerning respondent's contention that each sheet of the nomination paper does not have to set forth the name, occupation and place of residence of the candidate so long as such information appears somewhere on the nomination paper applies with the same force to the contention of respondent in this case that the name of the office which the candidate seeks does not have to appear on each sheet of the nomination paper.

Since the total of signatures appearing on the four sheets held invalid, 281, when subtracted from the total of all the signatures on the nomination paper, 1,841, results in a number which is less than the 1,653 sig-

natures required by law to place the name of the candidate on the ballot the nomination paper will be set aside.

And now, to wit, July 19, 1948, for the reasons set forth above the nomination paper of Sadie Katz for the office of Representative in Congress from the Sixth Congressional District of Pennsylvania is hereby set aside.