## Mordy v. Reichley

*George E. Beechwood* and *Swope, Brown & Swope,* for plaintiffs.

*Daniel E. Teeter, Bulleit & Bulleit, Hull, Leiby & Metzger,* and *Bigham & Raffensperger,* for defendants.

SHEELY, P. J., June 16, 1956.—Each of the three defendants has filed preliminary objections to plaintiffs' complaint asking for a more specific pleading and two of them have asked for judgment on the pleadings.

The complaint seems to have been drawn in compliance with the Federal Rules of Procedure under which the pleadings "merely identify the nature of the claim or defense in the vaguest manner and make no pretense of confining the parties within bounds at the trial. If either side wishes to ascertain the real nature of the position of his opponent, he will do so by the

post-pleading auxiliary processes" of general discovery, interrogatories, requests for admission, etc. In Pennsylvania the system of fact pleading has been retained and the procedural rules have been drawn on the theory that the issues for trial can be narrowed through the use of sworn pleadings stating the facts which each side proposes to prove, and that the auxiliary processes referred to will not be needed in the ordinary case. See Goodrich-Amram 1017-1.

The complaint in the present case states no facts whatever as to how the accident occurred but merely states that each of the defendants was operating his or her automobile "in a reckless, careless and negligent manner without due regard for the rights of the plaintiffs" and, as a result, "the vehicles operated by defendants . . . were caused to collide and come into collision with each other, as a result of which the plaintiffs were injured". This is clearly not fact pleading and is insufficient under the Pennsylvania Rules of Civil Procedure. Unless it is corrected defendants would be exposed to the danger of having plaintiffs offer proof of any conceivable set of facts that would fall within the general language of the averments: Slother v. Jaffe, 356 Pa. 238, 242 (1947). The issues for trial could not possibly be narrowed under this form of pleading. Likewise, the injuries alleged to have been sustained by plaintiffs are set forth in the most general language. Here again, unless corrected, defendants would be exposed to possible proof of any conceivable type of injury, or proof of any conceivable result of an injury, which might fall within such general language: Twinn v. Noble, 270 Pa. 500 (1921); Lynch v. Bornot, Inc., 120 Pa. Superior Ct. 242 (1935); Scott et ux. v. Lindgren, 97 Pa. Superior Ct. 483 (1929).

Nothing would be gained by elaborating further upon what must be contained in the complaint, or

wherein the present complaint is insufficient. It is clearly insufficient under the Pennsylvania Rules of Civil Procedure but, since the complaint does not give any indication that plaintiffs could not state a good cause of action if permitted to amend, judgment cannot now be entered for defendants or any of them: Minnick v. Scheffy, 65 D. & C. 1, 12 (1948).

And now, June 16, 1956, the preliminary objections filed by each of the three defendants are sustained and plaintiffs are directed to file an amended complaint within 20 days of this date.