## Bennett v. Clark Equipment Company

*Lindley M. Cowperthwaite, Jr.,* for plaintiff.
*Raymond M. Seidel,* for defendant.

STEFAN, J., July 14, 1971.—Plaintiff filed an action in trespass, alleging personal injuries. Defendant Industrial Lift Truck Company moved for the submission of plaintiff to a physical examination, pursuant to Pennsylvania Rule of Civil Procedure 4010, designating Martin A. Blaker, M.D., as the examining physician. Plaintiff's attorney has resisted having his client examined by Dr. Blaker, and has agreed to submit plaintiff to any other physician designated by defendant Industrial Lift Truck Co. In responding to defendant's motion for submission of plaintiff to physical examination, plaintiff alleges as follows, concerning Dr. Blaker:

1. He is unsatisfactory for the purpose of examining plaintiff;

2. He will not give a fair and impartial report;

3. His testimony has been subject to suspicion and his credibility has been severely criticized by the Supreme Court—for he is hostile and obnoxious when examining an opposing party in a law suit.

In support of the foregoing allegations, plaintiff has deposed numerous members of the Montgomery County Bar Association for the purpose of eliciting their observations concerning Dr. Blaker's practices while examining persons who are plaintiffs in personal injury cases. The 48 pages of testimony indicate that the deposed members of this Bar have observed that Dr. Blaker mocks the judicial system, is disdainful of fellow physicians, is biased, has a lack of concern for truth, has a blatant disregard for an examinee's

health and well-being, intentionally inflicts pain upon the examinee, and causes further injuries to examinees.

Pennsylvania Rule of Civil Procedure 4010(a) provides:

"The court, on the motion of a party, may order a party to submit to a physical or mental examination by a physician when his physical or mental condition is in controversy in the action."

The exercise of the power of a court to require a plaintiff to submit to a physical examination is a matter within the discretion of the court: Myers v. Travelers Insurance Company, 353 Pa. 523 (1946); Cohen v. Philadelphia Rapid Transit Company, 250 Pa. 15 (1915); Sperath v. Thomas, 48 D. & C. 2d 309 (1969); Prinzas v. Lewis, 50 D. & C. 44 (1944); Narzisi v. Meyer Dairy Corporation, 22 D. & C. 258 (1933). Ordinarily, defendant in an action for personal injuries will be allowed to select the physician who is to make the physical examination of plaintiff, and to testify concerning plaintiff's condition. The examination should, however, be conducted in such a manner as to avoid the infliction of pain, the subjection to indignities, or the endangering of health or life: Narzisi v. Meyer Dairy Corporation, supra; Hess v. Lake Shore & Michigan Southern Railroad Company, 7 Pa. C. C. 565 (1890); Sperath v. Thomas, supra; Prinzas v. Lewis, supra.

If plaintiff has any valid objections, pursuant to the foregoing, to the physician selected, the court may order defendant to select another. Narzisi v. Meyer Dairy Corporation, supra. But bold and unsubstantiated averments that the physician is "less than candid," "has a tendency to be rough in handling claimants," "is disreputable," "is unscrupulous," "is untrustworthy," "specializes as an expert witness in litigation,"

are insufficient to warrant the court's directing that the examination be made by another physician: Sperath v. Thomas, supra; Prinzas v. Lewis, supra.

The present matter is unlike Prinzas v. Lewis or Sperath v. Thomas, which also involved the resistance by plaintiff to submission to a physical examination by Dr. Blaker. In those cases, plaintiffs merely alleged grounds for objecting to the physician in question, without presenting supportive evidence of such. In the matter at hand, plaintiff has presented testimony of numerous members of this Bar, in which they disclose their observations of Dr. Blaker having subjected their clients to indignities, actual physical abuse, and accompanying unnecessary pain, which substantiates plaintiff's allegation in the answer to defendant's motion for a physical examination.

The court finds no arbitrariness in the position assumed by plaintiff. He has not attempted to present a list of physicians suitable to himself, from which he insists defendant choose his examiner. He has advised defendant that he will submit himself for physical examination to any physician save one: Dr. Martin A. Blaker.

Considering the substantiated objections to Dr. Blaker, the court believes that plaintiff is being entirely reasonable and, accordingly, enters the following

### ORDER

And now, this July 14, 1971, defendant Industrial Lift Truck Company's motion for physical examination of plaintiff by Martin A. Blaker, M.D., is denied; and defendant Industrial Lift Truck Company is directed to select another examining physician within 30 days hereof, and to notify plaintiff of the identity of such examining physician, in order that he might present himself for examination.