Cyril F. HOYT, Plaintiff-Appellant,

v.

The CENTRAL RAILROAD.

No. 12024.

United States Court of Appeals Third Circuit.

Argued Jan. 7, 1957.

Decided April 25, 1957.

Milford J. Meyer, Philadelphia, Pa. (Jerome L. Yesko, Paterson, N. J., Meyer, Lasch, Hankin & Poul, Philadelphia, Pa., on the brief), for appellant.

Francis X. Crahay, Asbury Park, N. J. (Hanlon, Argeris, Crahay & Smock, Asbury Park, N. J., William F. Hanlon, Asbury Park, N. J., on the brief), for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

The plaintiff, having suffered judgment against him below on a jury's verdict and his motions to set aside the verdict or for a new trial having been denied,[1] has brought this appeal raising the issue as to whether the trial judge committed prejudicial error in his charge

---

1. There was no opinion.

to the jury. The facts may be summarized as follows:

The plaintiff, Cyril F. Hoyt, a track laborer for the defendant railroad, in an action under the Federal Employers' Liability Act, sought recovery for a back injury sustained while pulling corroded spikes from track ties on December 26, 1952 in the vicinity of Grasselli, New Jersey. The plaintiff testified that he injured his back while pressing down on a claw bar to pull out a corroded spike. At trial he attempted to prove several concurrent acts on the part of the defendant which contributed to his injury: he and only one other laborer were pulling corroded spikes from the track ties and replacing them, an operation usually performed by four men; the defendant's foreman directed the plaintiff to continue the job without additional assistance and rushed him in his performance of the job despite his protest that the work was too difficult; a claw bar rather than the spring type crow bar, which allegedly is safer to use with corroded spikes, was being used by plaintiff. The defendant offered testimony that the job was one ordinarily performed by two men; that the plaintiff was not rushed in his performance of the job; and that the claw bar is generally used throughout the industry for the removal of spikes, corroded or not.

■ A review of the record discloses sufficient evidence upon which the cause should have been submitted to the jury in accordance with well-settled principles in these Federal Employers' Liability Act cases. Rogers v. Missouri Pacific Railroad Co., 1957, 352 U.S. 500, 77 S. Ct. 443, 1 L.Ed.2d 493; Ellis v. Union Pacific Railroad Co., 1947, 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572; Lavender v. Kurn, 1946, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916; Tennant v. Peoria & Pekin Union Railway Co., 1944, 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Bailey v. Central Vermont Railway, 1943, 319 U. S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444; Tiller v. Atlantic Coast Line Railroad Co., 1943, 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610.

On this appeal the plaintiff contends that the trial judge erred in his charge to the jury in these respects: (1) the trial judge instructed the jury to find for the plaintiff only if the defendant's negligence was *the* proximate cause of the injury rather than *a* proximate contributing cause; (2) the trial judge instructed that evidence of the customary use of the claw bar in the industry could be overcome only by showing that "imperative precautions" or "averse disregard of imperative precautions" dictated the use of better tools; (3) while evidence of other negligence on the defendant's part existed, the jury's consideration of the defendant's negligence was, by the charge, limited to the question of the failure to furnish suitable tools.

The Federal Employers' Liability Act provides (45 U.S.C.A. § 51):

"Every common carrier by railroad * * * shall be liable in damages to any person suffering injury while he is employed by such carrier * * * for such injury or death resulting *in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment." (Emphasis supplied.)

■ Under the Act proof of negligence on the part of the defendant railroad is, as in the common law, a prerequisite to liability. However, the common law concept of proximate cause has been adopted to a lesser extent. At common law the proximate cause of the accident was the efficient cause or a substantial factor in producing the injury. Cf. Restatement, Torts, secs. 431, 433 (1934). Since the Act provides that liability is incurred for injuries resulting "in part" from the defendant's negligence, liability exists where there are

a plurality of causes including the negligence act of the defendant. See Eglsaer v. Scandrett, 7 Cir., 1945, 151 F.2d 562. As the Supreme Court observed in Carter v. Atlanta & St. Andrews Bay Railway Co., 1949, 338 U.S. 430, 434–435, 70 S.Ct. 226, 229, 94 L.Ed. 236:

"And Congress has directed liability if the injury resulted 'in whole or in part' from defendant's negligence or its violation of the Safety Appliance Act. We made clear in Coray v. Southern Pacific Co., supra, 335 U.S. at 523, that if the jury determines that the defendant's breach is a 'contributory proximate cause' of injury, it may find for the plaintiff."

Thus the situation must be viewed in light of the several factors which may have combined to cause the accident, and if any negligence on the part of the defendant is found among these factors, it would be liable for the resultant injuries. "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pacific Railroad Co., supra, 352 U.S. at page 506, 77 S.Ct. at page 448. Any instructions to the jury on the element of proximate causation must necessarily define liability to include a greater area than that at common law. The jury must be instructed to consider that if the negligence of the defendant was one of the proximate causes of the accident, then liability exists. If the jury is led to believe that the defendant's negligence must be the sole proximate cause of the accident, there is error. Cf. Byler v. Wabash Railway Co., 8 Cir., 196 F.2d 9, certiorari denied, 1952, 344 U.S. 826, 73 S.Ct. 27, 97 L.Ed. 643,

In the instant case, at the outset of his charge, the trial judge instructed that an employee is entitled to institute an action if the railroad's negligence is responsible in whole or in part for an accident, but if the accident was not the result of the defendant's negligence in part or in whole, then damages could not be recovered. These introductory words conveyed the general definition of liability embodied in the Act; however in defining proximate cause the trial judge unqualifiedly stated:

"The plaintiff has the burden of proving by a fair preponderance of the evidence that the defendant was negligent and that that negligence was the proximate cause of the injuries which he alleges he sustained. *Now the proximate cause means the direct cause, that which produces a result without any interfering or intervening cause. That is the burden which is upon the plaintiff.*" (Emphasis supplied.)

The burden imposed was greater than that required by the Act. Without an additional instruction explaining the concept of plurality of causes, the statutory direction was not fully explained. In at least five other instances the trial judge instructed that the defendant's negligence must be "*the* proximate cause", impressing upon the jury this erroneous view of the law. The plaintiff offered several theories as to the cause of his injury, any one of which might have been the result of the defendant's negligence. Whether these causes operated together to produce the plaintiff's injury, and whether any one of them was the result of the defendant's negligence were issues for the jury to consider. The instructions as a whole gave the jury the impression that any negligence on the part of the defendant had to be the sole proximate cause of the plaintiff's injury in order to hold the defendant liable. This was prejudicial error.

On the issue of whether the defendant was negligent in providing a claw bar for the removal of corroded spikes, the trial judge instructed in part:

"In determining whether the railroad furnished implements that were reasonably safe for use, you may

consider the nature of the tool itself and the question of common usage and established custom of railroads throughout the industry. However, custom and usage are not the final, determining factor, because *if you were to find that there was a complete disregard of imperative precautions or even averse disregard of imperative precautions, that would not excuse their omission.*" (Emphasis supplied.)

Certainly the customary practice of an industry is admissible on the score of the absence of negligence. However, the custom may be an unreasonable one so that the defendant's adherence to that custom is not the ordinary care required by law. Texas & Pacific Railway Co. v. Behymer, 1903, 189 U.S. 468, 23 S.Ct. 622, 47 L.Ed. 905; Troupe v. Chicago, Duluth & Georgian Bay Transit Co., 2 Cir., 1956, 234 F.2d 253. The trial judge followed the rule when he charged:

> " * * * you may properly consider the general practice of railroads throughout the industry in furnishing tools for the particular purpose of removing spikes."

However the instructions were indefinite in defining the probative value of the custom since the customary tool was to be considered reasonably safe if "imperative precautions", "averse precautions" or "a compelling need for some advanced type of bar" did not require the use of other types of tools. These phrases are vague and could convey little meaning of the rule to the jury.

Plaintiff's third objection to the charge is concerned with the adequacy of the trial judge's reference to the circumstances generally prevailing at the time of the accident. The greater part of the charge with respect to the alleged negligence of the defendant related to the reasonable suitability of the tool provided. There was only a factual reference to the "general circumstances" and the rushing of the plaintiff. No com-

ment was made upon plaintiff's testimony that there were insufficient men to do the job. Since plaintiff's evidence offered proof of all these circumstances and that evidence was sufficient for submission to the jury, the trial judge should have expanded his charge to include these circumstances.

For the reasons stated the judgment of the District Court will be reversed with directions to proceed in accordance with this opinion.