## Price v. The Pennsylvania Railroad Co.

*Livengood & Braucher, Richter, Lord & Levy* and *Winer, Einhorn & Somerson,* for plaintiff.

*Nauman, Smith, Shissler & Hall* and *Hull, Leiby & Metzger,* for defendants.

HERMAN, J., September 8, 1958.—Plaintiff's complaint in trespass against both his employer, The Pennsylvania Railroad Company, and a subsidiary, The Pennsylvania Truck Lines, was attacked by both defendants by preliminary objections. The railroad's objections took two forms: (1) Motion to strike; and (2) motion for more specific complaint, while the truck lines took the single form of motion for more specific complaint.

On April 14, 1958, before filing briefs and before argument, plaintiff filed an amended complaint, in which, after making some minor corrections not deemed important here, he stated the place of the alleged accident more particularly as being at the Pennsylvania Railroad's passenger station in Harrisburg, added that the alleged negligence of defendants was "joint and/or concurrent," substituted as one of his grounds of negligence against the railroad the averment 11 (*d*) "Violating the company's safety rules by its agents, servants, or employees," for 11 (*d*) "Failing to warn the Pennsylvania Truck Lines of the presence of the plaintiffs," and as to the alleged injuries, added in paragraph 13 "injury to his ribs; injury to his right shoulder."

The Pennsylvania Railroad Company's motion to strike was based on the ground that the complaint contained scandalous and impertinent matter in two particulars: (1) Plaintiff had alleged liability of the railroad company under the Safety Appliance Acts, and had failed to aver any facts to support this allegation; and (2) plaintiff had alleged that his claim against the railroad arose under The Federal Employers' Liability Act and had inferentially also alleged liability of the railroad under the common law, which had been completely superseded by The Federal Employers' Liability Act.

The court did not in this case have the advantage of oral arguments of counsel, the case having been submitted on briefs when counsel for plaintiff, because of a conflict, was unable to appear. However, in his brief in opposition to the preliminary objections of The Pennsylvania Railroad Company, plaintiff's counsel agrees that the two objections in the motion to strike mentioned above are well taken, and that he will delete these two allegations in an amended complaint. Consequently, we can limit our discussion to the motions of both defendants for a more specific complaint.

The three major objections, these being the only objections of the truck lines, are common to both defendants and concern (1) negligence, (2) injury and (3) damages, and they will be taken up first, after which we will consider the other objections of the railroad.

The first major objection is that plaintiff has not alleged negligence against either defendant with the particularity required by the Rules of Civil Procedure, and in this we agree with defendants.

The negligence of the railroad as alleged in paragraph 11 of the amended complaint is:

"(a) Failing to observe the point, position and safety of the plaintiff; (b) Failing to provide a reasonably safe place to work; (c) Failing to warn the plaintiff of the hazard involved; (d) Violating the company's safety rules by its agents, servants, or employees; (e) Violating the company's rules by its agents, servants, or employees; (f) Negligence at law."

Nowhere else in the amended complaint does plaintiff allege facts from which a duty of the railroad and a breach thereof injuring plaintiff can be inferred.

Paragraph 12 of the amended complaint sets forth the alleged negligence of the truck lines as follows:

"(a) Failing to have the tractor trailer under proper and adequate control; (b) Failing to observe the point, position, and safety of the plaintiff; (c) Failing to warn the plaintiff of the movement of the trailer; (d) Violation of the Motor Vehicle Code of the Commonwealth of Pennsylvania in regard to the operation of vehicles under the circumstances; (e) Operating the tractor trailer at a dangerous rate of speed under the circumstances; (f) Negligence at law."

The only other allegations in the amended complaint giving any facts on which the negligence of the truck lines can be inferred is in paragraph 5, which reads:

"On or about January 19, 1956, at or about 8:20 P. M., and for a long time prior thereto, the plaintiff was employed by the defendant, The Pennsylvania Railroad Company, as a baggageman at the Pennsylvania Railroad's passenger station in Harrisburg, Pennsylvania, on which date while in the performance of his duties, a tractor trailer being operated by the defendant, The Pennsylvania Truck Lines, was so *carelessly and negligently operated* that it did strike the baggage truck which the plaintiff was moving and as a result of being so struck by the defendant's truck, the plaintiff suffered severe, painful and permanent

injuries, more particularly hereinafter set forth." (Italics supplied.)

The general averments contained in paragraphs 11 and 12 are the same type of allegations criticized by Judge Keller in Phila. Rapid Transit Co. v. King, 110 Pa. Superior Ct. 475 (1933), which was a case decided under the Practice Act of May 14, 1915, P. L. 483, but which is equally applicable here. In that case, the facts adduced at the trial showed that plaintiff's trolley car was proceeding northwardly on Frankford Avenue in Philadelphia, just above Rhawn Street, and defendant's truck was traveling alongside of the trolley to its right and suddenly swerved or cut in front of the trolley causing a collision which damaged the trolley car. The learned judge said, after outlining the proven facts as above, at pages 477 and 478:

"The . . . [complaint] should have concisely averred those facts as the material ones upon which it based its claim. Instead of doing so, it filed a sort of omnium gatherum, averring a collision between defendant's truck and its trolley car, due to the negligence of the defendant, (1) in operating his vehicle at a high and dangerous speed under the circumstances; (2) in failing to have same under proper control; (3) in violating various (but unidentified) ordinances of the City of Philadelphia, pertaining to the speed and control of automobiles at crossings; (4) in violating the statutes of the State of Pennsylvania pertaining to the speed and control of automobiles at crossings—without designating them; and (5) in otherwise failing to regard the rights of the plaintiff and others lawfully using the highway at the point aforesaid.

"The defendant can scarcely be blamed for objecting that the . . . [complaint] had failed to set forth concisely the negligence of which he was charged as ground for the plaintiff's action, . . .

"The practice of declaring upon such a general catalogue of averments of negligence in a statement of claim, instead of a concise and summary recital of the material facts relied on, as directed by the Practice Act, is to be condemned, and may result seriously to the pleader in different circumstances." See also Herring v. East Penn Electric Company, 28 D. & C. 459 (1936); Kirkpatrick v. Alan Wood Steel Company, 32 D. & C. 206 (1938); Fisher v. Metropolitan-Edison Co., 31 Dauph. 331 (1928); Kushel v. Steinberger, 40 Dauph. 379 (1935); and Withers v. Sheffer, 65 Dauph. 394 (1953).

Plaintiff should describe what happened with sufficient particularity, so that defendants may know what they must answer. It is not, of course, required that plaintiff plead evidence, but on the other hand, good pleading requires that he set forth in some detail the acts or omissions of defendants on which he relies to show negligence. Pa. R. C. P. 1019(a) requires that: "The material facts on which a cause of action or defense is based shall be stated in a concise and summary form."

3 Standard Pa. Practice 139 (Revised), Complaint §33, reads in part:

"Good pleading requires, not only that every material fact essential to the plaintiff's cause of action be averred in the complaint, but that these essentials of a good cause of action be set forth with sufficient particularity and precision to give the defendant clear, exact, and definite information of the nature, character, and foundation of the demand he is to meet. The Civil Rules do not dispense with time-honored requirements in regard to the particularity with which matters of substance, indispensable to an intelligent and just judgment between the parties, must be set out."

It appears to us that in alleging the facts of the accident on which he relies for negligence, plaintiff

524

should state in what manner the railroad's property is unsafe, how long it was in this condition, that the railroad knew or should have known of the condition, whether the defect in the property was in the construction thereof or in the upkeep, or because of wear and tear. If the duty alleged to be breached by the railroad or the truck lines is the act or omission of agents or servants of either or both of defendants, plaintiff should indicate whose agents are involved, and should also indicate whether the deficiency is in their number, their fitness, their inattention, or all three. See Charnogursky v. Price-Pancoast Coal Company, 249 Pa. 1 (1915). It further seems to us that plaintiff could have more particularly identified the truck. In the operation of the truck, we think it would have been better pleading to show how control was lacking, what circumstances required a warning, what warning was required and what statutes were broken.

Plaintiff contends that in Sprecker v. Minutola, 70 D. & C. 595 (1950), Judge Neely of this court held in similar circumstances that the agent of defendant need not be named. That case can be distinguished from the instant one, however, for in the Sprecker Case, plaintiff was not at the scene of the accident and so would not know the name of the agent. Here, plaintiff was at the scene and presumably could have secured the name or names.

As to the requirement that speed be set out more particularly, see Lax v. Faust, 68 D. & C. 497 (1948), where it is said that the actual speed need only be set out when the facts and circumstances of the accident are not set forth. See also Loftus v. Richards, 21 D. & C. 105 (1933). Except for time and place, we do not believe that paragraph 5 of the complaint sets forth the facts and circumstances of the accident with sufficient particularity to thus relieve plaintiff of indicating in his complaint the speed of the truck.

We cannot tell from the complaint whether the truck was moving forward, backward, in a straight line or turning to the right or to the left, nor can we tell whether the baggage truck was turning, going straight or moving backward or forward. Certainly, without pleading his evidence, plaintiff can give us some idea of how the collision occurred.

As far as defendant railroad is concerned, plaintiff relies on the Federal Employers' Liability Act, 45 U. S. C. A. §51,* and says that if the employer-defendant is guilty of negligence, no matter how slight, and if this negligence is a contributing proximate cause of the injury, that is sufficient. He cites Hoyt v. Central Railroad, 243 F. 2d 840; Rogers v. Missouri Pacific Railroad Co., 352 U. S. 500, and other cases as authority for this proposition. We agree that that is a correct statement of the law, but in those cases sufficient facts were shown in the pleadings to infer that the employer-defendant, through its agents, servants or employes was negligent, and the negligence contributed in some way to the injury, all of which we believe is lacking in the instant case.

The case at bar seems to be more nearly like Finnegan v. Monongahela Connecting Railroad Company, 379 Pa. 63 (1954), where it is said that defendant's negligence and causation must amount to more than a scintilla even under the Federal Employers' Liability Act.

In considering cases in which the injury was the result of an automobile collision, it is stated in 3 Standard Pa. Practice 518, Complaint §211:

"In such actions, as well as in other negligence actions, broad averments of negligence which would admit of proof of almost any dereliction on the part of the defendant in the operation and management of his

---

* Act of April 22, 1908, c. 149, §1, 35 Stat. 65, as amended by the Act of August 11, 1939, c. 685, §1, 53 Stat. 1404.

car are objectionable. Thus, it is not sufficient merely to allege that the defendant operated an automobile carelessly and negligently; that the defendant's automobile at the time complained of was being operated in a careless, improper, and negligent manner, 'carelessly, negligently and unlawfully,' or in a 'reckless, careless and negligent manner and at an illegal and improper rate of speed'; that the defendant was careless, reckless, or negligent in the operation of the car, without setting forth specifically the manner in which it was being operated. This is true also of allegations that the accident in which the plaintiff was injured was due to 'excessive speed under circumstances' and to lack of proper control on the part of the driver; such allegations bring to the defendant nothing but vague and uncertain notice of what he will be called upon to answer by way of either pleading or proof. Such allegations are conclusions or inferences from undisclosed facts, and not statements of the material facts upon which the plaintiff relies. Nor is it sufficient merely to aver that the defendant was negligent in violating a statute of the Commonwealth or a municipal ordinance governing the operation of motor vehicles. The defendant is entitled to know what ordinances and statutes he violated, as well as the particulars of his operation of the automobile. The complaint should set forth the particular want of care that is, the acts complained of from which the inferences of the defendant's negligence may be drawn in such way as to give to the defendant full information as to what he must meet on the trial of the case."

We have carefully considered plaintiff's brief and have read the cases cited by him, but we must conclude that the objections of defendants that the averments of negligence are not set forth with the particularity required by the Rules of Civil Procedure are well taken, and that plaintiff must amend.

The second major objection of both defendants relates to the allegation concerning plaintiff's injuries. Plaintiff says in paragraph 13, that he "suffered severe injury to his back; injury to his chest; injury to his ribs; injury to his right shoulder; internal injuries, and injury to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent".

This we do not believe is sufficiently specific. Nowhere does plaintiff indicate whether the injuries are contusions, abrasions, cuts or sprains, nor what part of the body the internal injuries affect, nor what is the nature of the injuries to the nervous system; neither does he indicate which, if any, of the injuries are permanent. Not only are defendants unable to make a defense to this type of allegation, but if such general averments are permitted to stand, defendants may be seriously prejudiced at the trial: Henneous v. Henneous, 16 D. & C. 772 (1932) ; Brehony v. Esrey, 60 Montg. 207 (1944) ; Lynch v. Bornot, Inc., 120 Pa. Superior Ct. 242 (1935) ; Driefer v. Hershey Estates, Inc., 81 D. & C. 302 (1951) ; Williamson v. Carey, Baxter & Kennedy, 37 D. & C. 653 (1939) ; Twinn v. Noble, 270 Pa. 500 (1921) ; Krajkowski v. Philadelphia Rapid Transit Co., 282 Pa. 104 (1925).

We believe plaintiff should amend this allegation to make it more specific.

The third major objection is that directed to plaintiff's allegations of damages in paragraphs 15, 16 and 17, which in substance are that he has spent money for medicine and medical treatment on account of his injuries, without specifying how much money was spent, nor to whom, that he will be obliged to spend more in the future for medicine and medical care, that he has been unable to attend to his occupation and will be unable to do so in the future and that he has suffered

a loss in earning power, all of this being caused by the accident.

The general rule seems to be, as pointed out by Judge Kreider of this court in Lynch v. Hoover, 68 Dauph. 222 (1955), that damages such as necessarily result from the injury complained of need not be specially pleaded, for the law presumes this type of damage to follow from the act, and defendant cannot be taken by surprise in the proof of such damages; but as to damages that do not normally follow a particular injury, these must be specifically pleaded. In this latter category, we believe damages to the nervous system fall. It has also been generally held that an allegation of permanent injuries without an indication of the nature of the injuries which will be permanent is not sufficiently specific (3 Standard Pa. Practice 510, Complaint §208), and that his earning capacity will be reduced without setting forth what the earning capacity had been is insufficient. The pleader should specially plead the damages for loss of earning capacity by alleging the length of time lost together with the value of such time: 3 Standard Pa. Practice 514, Complaint §210; Smith v. Willits Shoe Co. 53 Dauph. 64 (1942); Withers v. Sheffer, supra.

We believe, too, that plaintiff should itemize the expenses which were reduced to certainty before suit, such as the expenditures for the medicine and medical care, and if the amount to be expended in the future for these items could be reasonably ascertained, they too should be itemized, but, of course, he may lump entirely unliquidated damage which cannot be readily ascertained nor itemized: Herring v. East Penn Electric Company, supra; Smith v. Willits Shoe Company, supra; Withers v. Sheffer, supra; and Kushel v. Steinberger, 40 Dauph. 383 (1935), in which Judge Hargest, the late President Judge of this court, distinguishes the case of Leonard v. Baltimore & Ohio Rail-

road Company, 259 Pa. 51 (1917), cited by plaintiff for authority that he need not plead specially expenses incurred for medical treatment or the loss of time from work. The Leonard Case held only that evidence might be offered at the trial to show these damages without specially pleading them, but in no sense did it hold that a defendant was not entitled to have these damages specially pleaded if he asks for it.

The defendant railroad company raises the additional objection in paragraph 4 of its motion, that plaintiff should have identified the tractor trailer and the operator. We believe that at least plaintiff should more particularly identify the tractor trailer.

The railroad company in paragraph 5 avers that there is shown no causal connection between the striking of the baggage truck by the tractor trailer and the alleged injured. While perhaps the causal connection is not as clear as it could be, we think it is sufficient under the rules.

Paragraphs 6 and 7 of the railroad company's motion complains that plaintiff's complaint fails to state whether the acts complained of were committed by two or more agents, and whether of one or both defendants, and further, that these agents or employes should be named. As previously indicated, we agree with defendant that plaintiff should be more specific in this regard.

We believe that we have now covered all of the objections of both defendants, and for the reasons hereinbefore set forth the motions for a more specific complaint must prevail, and we therefore enter the following

*Order*

And now, to wit, September 8, 1958, the motions of both defendants for a more specific complaint are sustained, and plaintiff is directed to file an amended complaint in conformity with this opinion within 20 days from the date hereof.